UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAMUEL ESPINOZA,                    )     NO. CV 13-357-E
                                    )
              Plaintiff,            )
                                    )
       v.                           )     **MEMORANDUM OPINION**
                                    )
CAROLYN W. COLVIN, ACTING           )
COMMISSIONER OF SOCIAL SECURITY,[1] )
                                    )
              Defendant.            )
_____)

PROCEEDINGS

     Plaintiff filed a Complaint on January 23, 2013, seeking review
of the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on March 5, 2013.

///

///

_____

     [1]     Carolyn W. Colvin, who became Acting Commissioner of
Social Security as of February 14, 2013, is hereby substituted as
Defendant in this matter.  See Fed. R. Civ. P. 25(d)(1); 42
U.S.C. § 405(g).

1    Plaintiff filed a motion for summary judgment on July 12, 2013.
2    Defendant filed a motion for summary judgment on August 2, 2013.  The
3    Court has taken both motions under submission without oral argument.
4    See L.R. 7-15; "Order," filed January 28, 2013.

5

6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8    Plaintiff asserted disability since November 26, 2008, based
9    primarily on alleged back problems (Administrative Record ("A.R.") 53-
10   65, 188-95).  The Administrative Law Judge ("ALJ") examined the record
11   and heard testimony from Plaintiff, a medical expert and a vocational
12   expert (A.R. 18-252, 258-462).  The ALJ found Plaintiff has severe
13   "diabetes mellitus, high cholesterol, and degenerative disc disease of
14   the lumbar spine," but retains the residual functional capacity to
15   perform a limited range of medium work (A.R. 26-34).  In accordance
16   with the testimony of the vocational expert, the ALJ found that a
17   person so limited could perform Plaintiff's past relevant work as a
18   "cloth beamer," as well as other jobs existing in significant numbers
19   (A.R. 35-37; see A.R. 94-108).  The Appeals Council considered
20   additional evidence, but denied review (A.R. 1-6).

21

22                          **STANDARD OF REVIEW**

23

24   Under 42 U.S.C. section 405(g), this Court reviews the
25   Administration's decision to determine if:  (1) the Administration's
26   findings are supported by substantial evidence; and (2) the
27   Administration used proper legal standards.  See Carmickle v.
28   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

1    499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

2    relevant evidence as a reasonable mind might accept as adequate to

3    support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

4    (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

5    F.3d 1063, 1067 (9th Cir. 2006).

6

7        Where, as here, the Appeals Council considered additional

8    material but denied review, the additional material becomes part of

9    the Administrative Record for purposes of the Court's analysis.  See

10   Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen

11   the Appeals Council considers new evidence in deciding whether to

12   review a decision of the ALJ, that evidence becomes part of the

13   administrative record, which the district court must consider when

14   reviewing the Commissioner's final decision for substantial

15   evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452

16   (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011)

17   (courts may consider evidence presented for the first time to the

18   Appeals Council "to determine whether, in light of the record as a

19   whole, the ALJ's decision was supported by substantial evidence and

20   was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th

21   Cir. 1993) ("the Appeals Council considered this information and it

22   became part of the record we are required to review as a whole"); see

23   generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

24

25                              DISCUSSION

26

27       After consideration of the record as a whole, Defendant's motion

28   is granted and Plaintiff's motion is denied.  The Administration's

1  findings are supported by substantial evidence and are free from
2  material[2] legal error.   Plaintiff's contrary arguments are
3  unavailing.[3]

4

5  **I.   The ALJ Did Not Materially Err in Evaluating Plaintiff's**
6      **Credibility.**

7

8      Although Plaintiff testified to subjective symptomatology of
9  allegedly disabling severity, the ALJ found this testimony less than
10 fully credible (A.R. 32, 53-65).   Contrary to Plaintiff's arguments,
11 the ALJ did not thereby materially err.

12

13     An ALJ's assessment of a claimant's credibility is entitled to
14 "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir.
15 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The
16 discounting of a claimant's testimony regarding subjective symptoms
17 must be supported by specific, cogent findings.  See Lester v. Chater,
18 81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d
19 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v.
20 Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ
21 must offer "specific, clear and convincing" reasons to reject a
22 ///

23

24        [2]   The harmless error rule applies to the review of
25 administrative decisions regarding disability.  See McLeod v.
   Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart,
26 400 F.3d 676, 679 (9th Cir. 2005).

27        [3]   The Court has considered all of Plaintiff's arguments
   and has found those arguments unpersuasive.  The Court discusses
28 Plaintiff's principal arguments herein.

4

1   claimant's testimony where there is no evidence of malingering).[4]  As

2   discussed below, the ALJ stated sufficient reasons for deeming

3   Plaintiff's testimony less than fully credible.

4

5       The ALJ properly cited as a factor undercutting Plaintiff's

6   credibility the fact that, although Plaintiff had claimed pain-related

7   disability beginning in 2008, the medications Plaintiff took for pain

8   prior to Plaintiff's 2010 back surgery consisted primarily if not

9   exclusively of relatively mild analgesics (Ibuprofen and Naproxen)

10  (A.R 31-33).  A claimant's allegations of disabling pain may be

11  discredited by evidence of minimal medical treatment and/or the use of

12  mild pain medications.  See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th

13  Cir. 1999); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989);

14  Williams v. Bowen, 790 F.2d 713, 715 (8th Cir. 1986).

15

16      The ALJ also observed that Plaintiff has appeared to exaggerate

17  his alleged impairments or limitations.  Plaintiff claimed conditions,

18  such as alleged right shoulder problems and alleged weakness in the

19

20  _____

    [4]    In the absence of an ALJ's reliance on evidence of
21  "malingering," most recent Ninth Circuit cases have applied the
    "clear and convincing" standard.  See, e.g., Chaudhry v. Astrue,
22  688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue,
    674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659
23  F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000
    WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting
24  earlier cases).  In the present case, the ALJ's findings are
    sufficient under either standard, so the distinction between the
25  two standards (if any) is academic.  The Court observes, however,
    that the ALJ did cite evidence of malingering (A.R. 34 ("Dr.
26  Axline also noted the claimant exhibited positive [sic] a Waddell
    sign during examination; an indicator of symptom exaggeration");
27  see also A.R. 85-88 (Dr. Axline's testimony regarding evidence of
    Plaintiff's "malingering")).
28

lower extremities, having no basis in the medical evidence (A.R. 32-33).  A claimant's demonstrated tendency to exaggerate can furnish an adequate reason for rejecting the claimant's credibility.  See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); Bickell v. Astrue, 343 Fed. App'x 275, 277-78 (9th Cir. 2009); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . .").

The ALJ also properly cited Plaintiff's unexplained "insufficient compliance with diabetic medication, diet or recommended exercise" as a factor adversely affecting Plaintiff's credibility (A.R. 33).  See Molina v. Astrue, 674 F.3d at 1112 ("ALJ may consider . . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" in evaluating the claimant's credibility).

The ALJ also observed that Plaintiff's allegations of disabling pain were inconsistent with Plaintiff's statements acknowledging improvement, as well as with Plaintiff's admissions of his abilities (A.R. 32-33).  Treatment notes reflect that Plaintiff frequently reported improvements in his condition (A.R. 355, 397, 401, 404). Further, Plaintiff testified he "was able to walk fast and run" before his 2010 surgery and that his condition improved "a little" after surgery (although Plaintiff also inconsistently testified that his condition worsened after surgery) (A.R. 53, 63).  A claimant's inconsistent statements can adversely affect the claimant's

credibility.  See Molina v. Astrue, 674 F.3d at 1112.  In addition, a claimant's concession regarding his or her functional abilities may constitute substantial evidence that the claimant's impairments are not disabling.  See, e.g. Ray v. Bowen, 813 F.2d 914, 917 (9th Cir. 1987).

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).  The Court therefore defers to the ALJ's credibility determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[5]

**II.  The ALJ Did Not Materially Err With Respect to the Opinions of Dr. Silbart, a Worker's Compensation Examining Physician, or Dr. Tepper, a Worker's Compensation Treating Physician.**

Plaintiff argues that the opinions of Dr. Silbart and Dr. Tepper that Plaintiff was "temporarily totally disabled" "directly conflicted with the findings of the ALJ" (Plaintiff's Motion at 4).  No necessary

---

[5]    To the extent any of the ALJ's specific credibility findings were not supported by substantial evidence or otherwise were improper, such error was harmless.  See Carmickle v. Commissioner, 533 F.3d at 1163 (the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain).

conflict existed.  To be entitled to benefits, Plaintiff must satisfy a durational requirement of 12 continuous months of disability.  See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986).  Impairments which, with treatment, would improve over a few months' time to attain a level permitting the performance of work cannot meet this durational requirement.  Id.; see also Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with treatment are not disabling); Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) ("a remediable impairment is not disabling").  Substantial evidence supports the ALJ's conclusion that, despite severe impairments, Plaintiff never lost or could be expected to lose for a continuous 12-month period the ability to perform a limited range of medium work.

It is also worth noting that "disability" in worker's compensation parlance has a different meaning than "disability" in social security law.  Worker's compensation focuses on the individual's ability or inability to return to the individual's previous job, whereas social security "disability" requires an inability to perform any substantial gainful activity.  See, e.g., Maldonado v. Astrue, 2010 WL 2557229, *3 (C.D. Cal. June 17, 2010) ("The determination that Plaintiff was temporarily totally disabled under state worker's compensation rules indicated that she could not return to her previous job as an assembler, not that she was precluded from all substantial gainful activity").  In the present case, substantial evidence supported the conclusion Plaintiff could perform other jobs, as well as Plaintiff's past relevant work as a cloth

1  beamer.

2

3       Thus, there was no necessary inconsistency between the ALJ's

4  conclusions and the cited opinions of Dr. Silbart or Dr. Tepper.  To

5  the extent any inconsistency did exist, the ALJ would have been

6  required to state "specific, legitimate reasons" based on substantial

7  evidence in the record for rejecting Dr. Tepper's opinion.  See, e.g.,

8  Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009) (an ALJ

9  must provide "specific, legitimate reasons" based on substantial

10 evidence in the record for rejecting a treating physician's

11 contradicted opinion).  Here, the ALJ stated specific, legitimate

12 reasons for giving Dr. Tepper's opinions only "minimal weight."  In

13 addition to pointing out the limitations of Dr. Tepper's worker's

14 compensation-related opinions, the ALJ stated that Dr. Tepper claimed

15 Plaintiff had a restricted range of motion even though Dr. Castillo,

16 another of Plaintiff's treating physicians, consistently indicated

17 normal range of motion on examination of Plaintiff's back (A.R. 34;

18 see also A.R. 323, 329, 333, 343 (Dr. Castillo's notes)).

19 Inconsistencies between a treating physician's opinion and medical

20 notes properly can support the rejection of the treating physician's

21 opinion.  See, e.g., Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir.

22 1989).

23

24 **III.  The ALJ Did Not Materially Err in Evaluating "The Listings."**

25

26      Plaintiff argues the ALJ erred in failing to find that

27 Plaintiff's impairments met or equaled Listing 1.04A of Appendix 1 to

28 Subpart P of Part 404 of 20 C.F.R. (Plaintiff's Motion at 5-6).  No

1    material error occurred.

2

3         Plaintiff has the burden of demonstrating disability under the

4    Listings.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert.

5    denied, 517 U.S. 1122 (1996); see Sullivan v. Zebley, 493 U.S. 521,

6    530-31 (1990) (burden is on the claimant to show that his or her

7    impairment meets all of the specified medical criteria for a Listing,

8    or present medical findings equal in severity to all the criteria for

9    the one most similar listed impairment); Johnson v. Barnhart, 390 F.3d

10   1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff

11   to establish that his or her impairment meets or equals a listing.").

12

13        In the present case, substantial evidence supports the conclusion

14   Plaintiff did not meet or equal Listing 1.04A (or any other Listing).

15   The medical expert testified there was insufficient evidence from

16   which to conclude Plaintiff met or equaled the Listings (A.R. 73-74,

17   82-88).  To the extent Plaintiff relies on his own subjective

18   complaints (or subjective responses to testing) in order to prove he

19   met or equaled Listings criteria, the ALJ's adverse credibility

20   determination supports the ALJ's contrary conclusion.  In particular,

21   "positive straight-leg raising test (sitting and supine)" constitutes

22   one of the criteria for Listing 1.04A, and there exists evidence of

23   Plaintiff's exaggeration on such testing (A.R. 85-87).  Furthermore,

24   Listing 1.04A requires "nerve root compression characterized by neuro-

25   anatomic distribution of pain . . . accompanied by sensory or reflex

26   loss."  Dr. Tepper reported the absence of these criteria (A.R. 463-

27   64).

28   ///

Although the Listings related evidence (as well as the evidence relevant to later steps in the disability analysis) may be in conflict, it is the prerogative of the Administration to resolve conflicts in the record.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The Court will uphold the Administration's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**IV.  The ALJ Did Not Materially Err in Finding Non-Severe Plaintiff's Alleged Left Shoulder Impairment and Alleged Vision Impairment.**

Plaintiff argues that the ALJ should have found severe Plaintiff's alleged left shoulder impairment and alleged vision impairment (Plaintiff's Motion at 4-5).  Again, no material error occurred.

In the hearing before the ALJ, Plaintiff denied any problem with his left shoulder (A.R. 58).  Plaintiff did report blurry vision, but the medical expert believed any vision problem was attributable not to diabetes but to "presbyopia," i.e. the correctable far-sightedness commonly progressive with age (A.R. 73-75).

Moreover, any error in deeming these alleged impairments non-severe was harmless.  The ALJ expressly considered the entire record,

1    including any evidence of these alleged impairments (A.R. 25, 26).

2    See Social Security Ruling 96-8p ("In assessing RFC, the adjudicator

3    must consider limitations and restrictions imposed by all of an

4    individual's impairments, even those that are not 'severe'"); Burch v.

5    Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005) (error in failing to

6    find an impairment severe did not prejudice the claimant where the

7    Administration found other impairments severe and considered the

8    effects of the non-severe impairment when analyzing residual

9    functional capacity); see generally McLeod v. Astrue, 640 F.3d 881,

10   886-89 (9th Cir. 2011) (claimant bears the burden of showing a

11   substantial likelihood of prejudice from the Administration's errors).

12   The record contains no persuasive proof that any alleged impairment

13   deemed non-severe materially affects Plaintiff's residual functional

14   capacity.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 13, 2013.

_____/S/_____
                CHARLES F. EICK
         UNITED STATES MAGISTRATE JUDGE

---

[6]    The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d at 888 (discussing the standards applicable to evaluating prejudice).